## Plack's Estate.

*Trusts and trustees—Misconduct—Removal of trustee.*

A trustee is properly removed where it appears that he accepted for his own use $1,000 to cancel a lease and $1,500 to enter into a new lease with a different party, and that he obligated the estate to give possession to a new tenant, when the estate did not have possession, resulting in litigation to the loss of the estate of $10,000.

Argued April 16, 1923. Appeal, No. 260, Jan. T., 1923, by B. V. Plack, from decree of O. C. Blair Co., No. 725, O. C. 1921, removing him as trustee in estate of Louis Plack. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition for rule to remove trustees. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute as to B. V. Plack, discharged as to W. L. Plack. B. V. Plack appealed.

*Error assigned* was decree, quoting it.

*Thos. H. Greevy,* with him *J. D. Hicks,* for appellant.

*J. F. Sullivan,* for appellee, was not heard.

PER CURIAM, May 7, 1923:

Appellant, B. V. Plack, was removed by the orphans' court from the position of trustee under his father's will.

The decree assigned as error is affirmed on the following excerpts from the opinion of the court below: "The main reason advanced for the removal of B. V. Plack, one of the trustees, is that he accepted one thousand ($1,000) dollars to cancel a lease of property [belonging to the trust estate] and an additional fifteen hundred ($1,500) dollars to enter into a new lease with a different

party.  Furthermore, he obligated the estate to give possession to the new tenant at a time when the trustees did not have possession of the premises leased.  The result of the failure of the trustees to give possession of the premises to the new tenant was a lawsuit and a verdict against the estate in the sum of ten thousand ($10,000) dollars......There is no denial on the part of one of these trustees of the receipt of the money and the appropriation of it to his own use.  There was no satisfactory explanation given for the receipt of this money,......[and] it can hardly be said that such conduct was in the interest of all the children of the testator."

The decree is affirmed at cost of appellant.

See Panagos v. Plack, infra 431.